UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CORY DESHAWN CLINE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-4010-TC-TJJ |
| | ) |
| ANTHONY R. RUSSO, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, proceeding *pro se*, filed this action on February 9, 2022, by filing a Complaint (ECF No. 1). On March 8, 2022, Plaintiff filed an Amended Complaint (ECF No. 4), naming the District Attorney of Wyandotte County and two assistant district attorneys, two judges of the Wyandotte County District Court, two private attorneys, an officer of the Kansas City Kansas Police Department, and the Unified Government of Wyandotte County/Kansas City as Defendants. Plaintiff alleges constitutional violations and state law causes of action following an allegedly warrantless search and seizure resulting in his arrest and later-dismissed criminal charges.[1] This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 7). Plaintiff asks the Court to appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no absolute right to appointment of counsel.[2] Courts considering requests for the appointment of counsel in civil actions generally

---

[1] Plaintiff has two other cases pending in this district related to his arrest and criminal charges, Case Nos. 20-cv-3136-TC-TJJ and 22-cv-4009-TC-TJJ.

[2] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil

1

look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[4] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5] Further, the Court will consider Plaintiff's diligence in attempting to secure an attorney on his own as this district's form Motion for Appointment of Counsel requires a movant to report.

Recognizing that Congress did not provide any mechanism for compensating appointed counsel in civil cases, the Tenth Circuit Court of Appeals has cautioned courts to make "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[6] Courts in this District rarely grant motions for appointment of counsel in civil cases brought by pro se litigants.

Viewing this motion in light of § 1915(e)(1), the Court first considers the financial affidavit Plaintiff submitted in this action. Based on that affidavit, the Court has granted Plaintiff

---

litigation is in immigration cases"); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[3]*Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[4]*Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[6] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

permission to proceed *in forma pauperis*. The affidavit likewise shows Plaintiff is financially unable to secure counsel. In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[7]

To obtain appointment of counsel, a party must make diligent efforts to secure counsel. This typically requires the party to meet with and discuss the case with at least five attorneys.[8] In his present motion, Plaintiff states he has contacted more than five attorneys, but has been unable to obtain their services. Based on that information, the Court finds Plaintiff has made sufficient efforts to secure counsel.

But where the complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time. The Court recognizes that its perception of the merits and other factors relevant to the issue of appointment of counsel may vary over time. Due to such variance, courts "often reevaluate the need for appointed counsel at various stages of the proceedings."[9] While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[10] Given the burgeoning federal court dockets, increased pro se filings, and a seemingly decreasing number of attorneys willing to accept pro bono

---

[7] *Id.* at 1422.

[8] *Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n.10 (D. Kan. June 12, 2009).

[9] *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998).

[10] *Id.*

appointments, the timing of a request for appointment of counsel arguably takes on more importance. In most cases, the courts simply lack sufficient information early on about the merits of the claims and/or the ability or inability of the plaintiff to present the case without counsel. Because the movant has the burden to affirmatively show that asserted claims are meritorious, motions for appointment filed early in a case thus may not succeed. Denial of such motions without prejudice to a similar refiled motion at a later stage of the litigation does not preclude appointment should it become apparent that counsel should be appointed. The Court will therefore deny Plaintiff's Motion for Appointment of Counsel at this time, but without prejudice to the later refiling of such a motion if any of Plaintiff's claim survive summary dismissal.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 7) is denied without prejudice to Plaintiff filing a similar motion if he survives summary dismissal.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2022 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge