IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORY DESHAWNE CLINE,

    Plaintiff,

    v.

                                                                          Case No. 22-CV-4010-JAR-TJJ

ANTHONY R. RUSSO, et. al.,

    Defendants.

## MEMORANDUM AND ORDER

Pro se Plaintiff Cory Deshawne Cline asserts that Kansas City, Kansas police officers unlawfully searched a residence at which he was present on January 30, 2020, after which Plaintiff was arrested and charged with possession of methamphetamines. He contends that his civil rights were violated because the search of the residence was done without a search warrant, and numerous individuals conspired against him to prosecute him.

In this case,[1] he filed suit against nine Defendants: one police officer, two judges, two defense attorneys, and three prosecutors. He also names Wyandotte County. Before the Court are five pending motions to dismiss by Defendants (Docs. 11, 27, 28, 33, and 41). The motions are either fully briefed, or Plaintiff did not respond to them. For the reasons stated below, the Court grants the motions.

---

[1] Plaintiff has filed four cases in the District of Kansas relating to the events surrounding the search, his arrest, and prosecution against no less than 30 Defendants. *See* Nos. 21-3033-SAC, 20-3136-TC-TJJ, and 20-4009-JAR-TJJ. No. 21-3033 was dismissed, No. 20-3136 is currently pending before Judge Crouse, and the remaining two cases are currently pending before the undersigned. The two cases that are pending before the undersigned, 20-4009 and 20-4010, have been consolidated for all pretrial matters and for trial. Doc. 43.

**I.     Legal Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[2] and must include "enough facts to state a claim for relief that is plausible on its face."[3] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6]  Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the court must

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[3] *Id*. at 570.

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[8] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[9] *Id.* at 678–79.

determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

Because Plaintiff proceeds pro se, some additional considerations frame the Court's analysis.  The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which applies to attorneys.[12]  "Nevertheless, [Plaintiff] bears 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[13]  The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]  Additionally, a pro se litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[15]

## II.     Factual Background

Plaintiff filed his Complaint on February 9, 2022,[16] and an Amended Complaint on March 8, 2022.[17]  He asserts claims against nine Defendants: three district attorneys (Mark Dupree, Maurice Brewer, and Crystalyn Oswald);[18] Plaintiff's previous defense attorneys (Zach

---

[10] *Id*. at 679.

[11] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[13] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[14] *Whitney*, 113 F.3d at 1174 (citing *Hall*, 935 F.2d at 1110).

[15] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[16] Doc. 1.

[17] Doc. 4.  Plaintiff's Amended Complaint is 62 pages; 44 pages consist of state court records relating to his Kansas City, Kansas 2020-CR-000129 criminal case.

[18] Dupree is the District Attorney of Wyandotte County, and Brewer and Oswald are Assistant District Attorneys.

3

Anthony and Anthony Russo);[19] two Wyandotte County judges (Judge Martinez and Judge Cahill); Officer Ibanez; and Wyandotte County.  Broadly construed, Plaintiff alleges that all Defendants conspired against him to fabricate a search warrant and charge him with possession of methamphetamines in a criminal case, 2020-CR-000129, in Wyandotte County District Court.

Specifically, Plaintiff contends that on January 30, 2020, Kansas City police officers searched and seized persons and items from 604½ Lowell Avenue without a search warrant and/or probable cause.  He claims that the January 29, 2020 search warrant affidavit and search warrant were fabricated and created by Officer Ibanez and Judge Martinez six months after the January 30 search on July 30, 2020.  Plaintiff also contends that Judge Cahill, Brewer, and Russo directed and agreed to the fabrication of the search warrant.

Plaintiff also alleges that his two attorneys (Anthony and Russo) falsely told him that evidence existed against him and/or would not produce the evidence against him.  In addition, Plaintiff claims that all individuals are employed by Wyandotte County.   He claims that there is no oversight by Wyandotte County and that Wyandotte County abandoned the case against him.[20]

Liberally construing Plaintiff's Amended Complaint, he asserts claims under 42 U.S.C. § 1983[21] for unreasonable search and seizure in violation of the Fourth Amendment and Fourteenth Amendment, malicious prosecution, discovery abuses and *Brady* violations during his

---

[19] James Zachary Anthony contends that he is incorrectly identified as Zach Anthony.  *See* Doc. 27.

[20] The record reflects that on April 30, 2021, this case was dismissed pursuant to a plea agreement in which Plaintiff pleaded guilty in a separate case.  *See* Doc. 27-1 at 1–2; Doc. 34-1 at 11, 37.

[21] Plaintiff also references § 1985 and § 1986.  He does not identify any subsection under § 1985 for which he is proceeding.  In addition, his allegations are conclusory and vague and do not provide adequate notice for any claims under §§ 1985 and 1986.

Wyandotte County criminal case, and an "intracorporate conspiracy."[22] Plaintiff requests damages in the amount of $5 million dollars per Defendant.

There are five pending motions to dismiss. The three district attorneys have brought a motion (Doc. 11), each defense attorney has brought a motion (Docs. 27, 29), the two judges have brought a motion (Doc. 33), and Officer Ibanez and Wyandotte County have brought a motion (Doc. 41). Plaintiff did not respond to either defense attorney Anthony's or the judges' motion to dismiss. He filed a response to the other three motions. The Court will address each motion in turn.

## III. Discussion

### A. The District Attorneys' Motion to Dismiss (Doc. 11)

District Attorney Dupree, Assistant District Attorney Brewer, and Assistant District Attorney Oswald assert that Plaintiff's claims against them in their individual capacities should be dismissed due to absolute prosecutorial immunity, and Plaintiff's claims against them in their official capacities should be dismissed due to Eleventh Amendment sovereign immunity. Plaintiff's allegations relate to the state court criminal proceedings against him. Specifically, he claims that these Defendants wrongfully filed suit against him because there was no probable cause to charge him, and they wrongfully continued the suit despite the lack of probable cause or evidence to prosecute him. In addition, he contends that these Defendants committed discovery abuses and *Brady* violations during the Wyandotte County criminal case.

"It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial . . . process,' such as initiating

---

[22] Doc. 4 at 62.

and pursuing criminal prosecutions."[23]  In this case, Plaintiff's allegations relate to the initiation and pursuit of criminal charges against him.  In addition, to the extent that Plaintiff's claims and allegations relate to discovery abuses, *Brady* violations, or withholding evidence, "[a] prosecutor's withholding of evidence is an action 'intimately associated' with the judicial process."[24]  Because Plaintiff's allegations and claims against Defendants are all based on activities associated with the judicial process, Defendants are entitled to absolute prosecutorial immunity.

In addition, to the extent that Plaintiff asserts official-capacity claims against Defendants, his suit is barred by Eleventh Amendment sovereign immunity.  Sovereign immunity "generally bars suits brought by individuals against state officials acting in their official capacities."[25]  In addition, the Eleventh Amendment prohibits claims for damages against an arm of the state in federal court.[26]  "A county district attorney's office, to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law and, therefore, is also immune under the Eleventh Amendment."[27]  Thus, Plaintiff's official-capacity claims are barred by sovereign immunity.[28]

---

[23] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).

[24] *Powell v. Spear*, 6 F. App'x 739, 741 (10th Cir. 2001) (quoting *Imbler*, 424 U.S. at 431, n.34).

[25] *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001) (citation omitted).

[26] *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).

[27] *Collins v. Kansas*, No. 21-3254-SAC, 2022 WL 326164, at *3 (D. Kan. Feb. 3, 2022) (quotation marks and citations omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009) (finding that a § 1983 claim against an assistant prosecutor in her official capacity was barred by the Eleventh Amendment).

[28] Plaintiff seeks five million dollars from each Defendant.  Plaintiff does not assert a claim for injunctive relief and therefore the *Ex parte Young* exception to sovereign immunity is inapplicable.  *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (noting that one of the exceptions to sovereign immunity is when a plaintiff alleges an ongoing violation of federal law and seeks prospective or injunctive relief) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

In sum, Plaintiff's claims against the District Attorney Defendants are barred by absolute prosecutorial immunity and sovereign immunity. Thus, the Court grants these Defendants' motion to dismiss.

### B.     Defense Attorney James Zachary Anthony's Motion to Dismiss (Doc. 27)

Defendant Anthony asserts that Plaintiff fails to state a claim against him. Plaintiff did not respond to the motion. Accordingly, the Court can treat this motion as uncontested and grant. The motion can be granted on the merits as well, as explained below.

Anthony was Plaintiff's second appointed defense attorney in Plaintiff's criminal case in Wyandotte County. There are minimal allegations in the Amended Complaint directed toward actions taken by Anthony. Any allegations that are included are conclusory and simply allege that Anthony engaged in a conspiracy to interfere with Plaintiff's civil rights.

"Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."[29] "[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."[30] In this case, Plaintiff does not. Furthermore, Defendant Anthony was Plaintiff's appointed court attorney. "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant."[31] Here, Plaintiff fails to state a claim against Defendant Anthony. Thus, the Court grants Anthony's motion.

---

[29] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quotation marks and citation omitted).

[30] *Id.* (citation omitted).

[31] *Dunn v. Harper Cnty.*, 520 F. App'x 723, 725–26 (10th Cir. 2013) (citations omitted).

### C. Defense Attorney Anthony Russo's Motion to Dismiss (Doc. 29)

Defendant Russo was Plaintiff's first appointed attorney in his Wyandotte County criminal case. He asserts that the Court lacks subject matter jurisdiction, and that Plaintiff fails to state a claim against him. Plaintiff responded to this motion, but his response lacks substance. He simply states that Defendant Russo was involved in a conspiracy with others where federal issues are in question.

Plaintiff's allegations against Russo in the Amended Complaint are minimal and conclusory. As noted above, conclusory allegations of a conspiracy are insufficient to state a claim.[32] In addition, Russo was Plaintiff's first court-appointed attorney, and therefore his actions were not taken under color of state law for purposes of § 1983.[33] Accordingly, Plaintiff fails to assert a claim against Russo, and the Court grants his motion to dismiss.

### D. Judges Martinez and Cahill's Motion to Dismiss (Doc. 33)

Judges Martinez and Cahill assert that (1) the official-capacity claims asserted against them should be dismissed due to Eleventh Amendment sovereign immunity, (2) the individual-capacity claims are barred by claim preclusion or res judicata, (3) they are entitled to absolute judicial immunity, and (4) Plaintiff fails to state a claim because his allegations are conclusory and speculative. Plaintiff did not respond to the motion. Accordingly, the Court can treat this motion as uncontested and grant. The motion can be granted on the merits as well, as explained below.

Plaintiff alleges that the search warrant for the January 30 search of the Lowell Avenue residence was fabricated and created on July 30, 2020, by Judge Martinez.[34] Plaintiff claims that

---

[32] *Tonkovich*, 159 F.3d at 533.

[33] *See Dunn*, 520 F. App'x at 725–26.

[34] Plaintiff also claims that Officer Ibanez fabricated the search warrant affidavit.

8

Judge Cahill directed Judge Martinez to fabricate the search warrant. In addition, Plaintiff contends that Judge Cahill presided over his Wyandotte County criminal case and conspired with multiple individuals throughout the case to continue prosecuting him.

Plaintiff has filed four cases in the District of Kansas against Judge Martinez.[35] Two remain pending (this case and No. 20-4009), and the other two have been dismissed. In the dismissed cases (Nos. 20-3136,[36] 21-3003), Judge Martinez was not personally named but was instead identified as "John Doe Judge, Div. 12." The allegations, however, in all four cases, whether they be asserted against John Doe Judge or Judge Martinez, are substantially the same. Specifically, Plaintiff contends that Judge Martinez fabricated or fraudulently signed a search warrant for the Lowell Avenue residence in Plaintiff's Wyandotte County criminal case.

In addition, Plaintiff has filed two cases against Judge Cahill in the District of Kansas.[37] One case remains pending (this case), but the other case was previously dismissed (No. 21-3033). The allegations against Judge Cahill in this case and the dismissed case are substantially the same. Specifically, Plaintiff contends that Judge Cahill presided over his Wyandotte County criminal case and directed Judge Martinez to fabricate a search warrant.

In this case, Plaintiff's claims are barred for several reasons. First, as to Plaintiff's official-capacity claims, Judges Martinez and Cahill are considered state officials.[38] Thus, the official-capacity claims against them for money damages constitute an action against the State of

---

[35] Nos. 20-3136, 21-3033, 22-4009, and 22-4010.

[36] This case is ongoing, but John Doe Judge, Div. 12 was dismissed from the case.

[37] Nos. 21-3033, 22-4010.

[38] *See Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004) (first citing Kan. Const. Art. 3 § 6; and then citing K.S.A. § 20-301a).

9

Kansas,[39] and they are barred by Eleventh Amendment immunity.[40] Accordingly, the Court lacks subject matter jurisdiction over official-capacity claims against Judge Martinez and Judge Cahill.

Next, Judge Martinez and Judge Cahill are entitled to absolute judicial immunity on the individual-capacity claims. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."[41] Furthermore, judicial immunity cannot be overcome by allegations of bad faith or malice.[42] Rather, judicial immunity is only overcome in the following two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[43] In this case, all of Plaintiff's allegations against Judge Martinez and Judge Cahill relate to actions taken in their judicial capacity. There are no allegations that would trigger application of either exception to absolute judicial immunity. Accordingly, Judge Martinez and Judge Cahill are entitled to absolute judicial immunity on the individual-capacity claims.

Finally, claim preclusion would bar Plaintiff's suit against Judge Martinez and Judge Cahill. "Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action

---

[39] Plaintiff seeks five million dollars from both Judge Martinez and Judge Cahill and does not seek injunctive relief.

[40] *See Sigg v. Dist. Court of Allen Cnty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. Mar. 20, 2012) (first citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006); and then citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002)).

[41] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[42] *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[43] *Id.* at 11–12 (citations omitted).

proceeded to a final judgment on the merits."[44]  Claim preclusion requires: "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits."[45]  If these requirements are met, res judicata is appropriate if the party had a "'full and fair opportunity' to litigate the claim in the prior suit."[46]

Here, all elements are met.  There was a final judgment on the merits in *Cline v. Kansas*,[47] and Judge Crow determined that Defendant John Doe Judge (Judge Martinez) and Judge Cahill were entitled to judicial immunity.[48]  Plaintiff, Judge Martinez, and Judge Cahill were parties to both suits.  Although Judge Martinez was previously identified as John Doe Judge in No. 21-3033, the dismissal of a John Doe defendant precludes a subsequent lawsuit brought against a named defendant who can be identified as the John Doe.[49]  Finally, there is an identity of the causes of actions in both suits.  The Tenth Circuit employs "the transactional approach to the definition of 'cause of action.'"[50]  The transactional approach "includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation."[51]  Plaintiff's factual allegations differ slightly, but the same operative facts are at issue and arise from the same transaction or event.  Thus, Plaintiff's claims against Judge Martinez and Judge Cahill are also barred by res judicata.

---

[44] *King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir. 1997) (citation omitted).

[45] *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (citation omitted).

[46] *Id.* (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

[47] No. 21-3003, Doc. 12.

[48] No. 21-3003, Doc. 11 at 1–3.

[49] *See Sweat v. Rickards*, 712 F. App'x 769, 770–71 (10th Cir. 2017).

[50] *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citations omitted).

[51] *Id.*

In sum, Plaintiff's claims must be dismissed against Judge Martinez and Judge Cahill, and the Court grants their motion to dismiss.

### E. Officer Ibanez and Wyandotte County's Motion to Dismiss (Doc. 41)

Officer Ibanez and Wyandotte County seek dismissal of Plaintiff's claims against them on several grounds: (1) Plaintiff lacks standing to make Fourth Amendment claims regarding the search of the Lowell Avenue residence; (2) Officer Ibanez is entitled to qualified immunity on Plaintiff's claims regarding the search warrant affidavit; (3) Plaintiff fails to state a claim for malicious prosecution; and (4) Plaintiff fails to state a municipal liability claim against Wyandotte County.

#### 1. Federal Claims

##### a. Standing

Defendants contend that Plaintiff lacks standing because he does not include any allegations suggesting that he was a "social guest" at the residence and thus he could not have a reasonable expectation of privacy within the residence. For purposes of this Order, the Court finds that Plaintiff adequately alleges that he was a social guest in the residence and has standing to assert a Fourth Amendment violation.

##### b. Claims Based on Search Warrant Affidavit (Against Officer Ibanez)

Defendant Ibanez asserts that he is entitled to qualified immunity. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions."[52] To this end, qualified immunity shields government officials from liability for money damages unless the plaintiff pleads sufficient facts showing that the official

---

[52] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

violated a federal statutory or constitutional right, and that the right the official violated was "clearly established" at the time of the challenged conduct.[53] Generally, for a right to be considered clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."[54] The Supreme Court "has held that qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"[55] "[I]f a reasonable officer might not have known for certain that the conduct was unlawful—then the officer is immune from liability."[56]

Once a defendant raises the defense of qualified immunity, "the onus is on the plaintiff to demonstrate '(1) that the official violated a statutory or constitutional right, *and* (2) that the right was "clearly established" *at the time of the challenged conduct*.'"[57] Unless the plaintiff pleads facts sufficient to establish these elements, the official is entitled to qualified immunity.[58] Courts have discretion to decide which of the two prongs of the qualified immunity analysis to address first.[59]

---

[53] *Id.* at 735 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Routt v. Howard*, 764 F. App'x 762, 766–67 (10th Cir. 2019).

[54] *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (quoting *Zia Tr. Co. ex rel. Causey v. Montoya*, 597 F.3d 1150, 1155 (10th Cir. 2010)); *see Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020) (finding right may be established by Supreme Court or Tenth Circuit precedent, or by "'consensus of cases of persuasive authority' from other jurisdictions") (quoting *al-Kidd*, 563 U.S. at 742)).

[55] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986))*; see also al-Kidd*, 563 U.S. at 743.

[56] *Ziglar*, 137 S. Ct. at 1867.

[57] *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)).

[58] *See al-Kidd*, 563 U.S. at 735.

[59] *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity."[60] However, "[a]sserting a qualified immunity defense via Rule 12(b)(6)," as Defendant does in this case, "subjects the defendant to a more challenging standard of review than would apply on summary judgment."[61]  "At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness."[62]

In this case, the Court considers Plaintiff's Amended Complaint,[63] which attaches his criminal case file from Wyandotte County.  Pursuant to Fed. R. Civ. P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."[64]  In addition, on a motion to dismiss, the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[65]  Finally, the Court also takes judicial notice of these state court records that are part of Plaintiff's Amended Complaint.[66]

Plaintiff alleges that a warrantless search occurred on January 30, 2020 because the search warrant affidavit and search warrant were fabricated and created by Officer Ibanez and

---

[60] *Myers v. Brewer*, 773 F. App'x 1032, 1036 (10th Cir. 2019) (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)).

[61] *Id.* (citing *Thomas*, 765 F.3d at 1194).

[62] *Id.* (citing *Thomas*, 765 F.3d at 1194).

[63] Doc. 4.

[64] Fed. R. Civ. P. 10(c).

[65] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[66] "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004)); *see also Delaney v. Thompson*, No. 18-3037-SAC, 2019 WL 1317467, at *3, n.3 (D. Kan. Mar. 22, 2019) (noting that the court may take judicial notice of publicly filed records in courts on matters that directly relate to the disposition of the case before the court).

Judge Martinez on July 30, 2020.[67] This allegation is conclusory, and the documents attached to Plaintiff's Amended Complaint contradict Plaintiff's allegations. The state court records indicate that the search warrant affidavit was signed by Officer Ibanez under penalty of perjury on January 29, 2020.[68] The search warrant indicates that it was signed on January 29, 2020, at 2:00 p.m. by Judge Martinez.[69] Both of these documents have a stamp on them indicating that they were electronically filed in the Wyandotte County District Court on July 30, 2020, at 4:13 p.m. The only fact Plaintiff alleges to support his fabrication claim is that the documents were electronically filed with the court on July 30.

The documents, however, demonstrate that both Ibanez and Judge Martinez signed them on January 29, 2020. In addition, the search warrant return was signed on January 31, 2020, indicating that it was executed on January 30, 2020.[70] Plaintiff does not dispute that a search occurred on January 30, 2020—indeed, that search is central to Plaintiff's claims. Plaintiff does not allege any additional factual allegations suggesting fabrication of the search warrant affidavit. Thus, Plaintiff's allegations are conclusory, and the documents which are incorporated into Plaintiff's Amended Complaint contradict Plaintiff's conclusory allegations about a fabricated search warrant affidavit and search warrant.[71]

---

[67] Plaintiff provides scant allegations specific to Ibanez in the Amended Complaint. He simply asserts that there was no probable cause to support his arrest because Ibanez and Judge Martinez fabricated the search warrant affidavit and search warrant. He does not allege that Ibanez included false information in the search warrant affidavit. Plaintiff, however, alleges those facts in No. 20-4009. And in Plaintiff's response to the motions to dismiss in this case, he generically references allegations in No. 20-4009. The Court will only address the alleged fabrication of the search warrant in this case. It addresses the alleged fabrication *and* the alleged false information in the search warrant affidavit in No. 20-4009.

[68] Doc. 4 at 38–43.

[69] *Id*. at 42.

[70] *Id*. at 43

[71] The Court again notes that Plaintiff alleges in his companion case, No. 20-4009, that Officer Ibanez includes false information in the search warrant affidavit. He does not include those allegations in this case, and the Court addresses that contention in No. 20-4009.

To the extent that Plaintiff alleges it was a constitutional violation to electronically file the search warrant affidavit, search warrant, and search warrant return six months after it was executed, he does not direct the Court to any law prohibiting it. K.S.A. § 22-2512(a) states that "[w]hen property is seized under a search warrant, the officer seizing the property shall file a copy of such receipt with the magistrate who issued the search warrant. Such copy may be filed electronically in a manner and form prescribed by the court." There is nothing in this statute that prescribes a specific timeframe for which it must be filed. Instead, the statute simply provides that it must be filed in the way prescribed by the court. Plaintiff does not direct the Court, and the Court was unable to locate, any clearly established law stating that it is a violation of a statutory or constitutional right to file a search warrant affidavit, search warrant, and search warrant return approximately six months after execution of the search warrant. Thus, any delay in filing would not violate clearly established law. Accordingly, Officer Ibanez is entitled to qualified immunity because Plaintiff does not adequately allege a violation of a federal constitutional or statutory right.

### c. Malicious Prosecution Claim Against Officer Ibanez

Plaintiff asserts a malicious prosecution claim stating that no probable cause supported his arrest. Plaintiff's allegations against Ibanez are minimal. To the extent that Plaintiff asserts a malicious prosecution claim against Ibanez, he fails to state a claim. A claim for malicious prosecution under § 1983 includes the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."[72]

---

[72] *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citation omitted).

Here, there are no allegations that Ibanez acted with malice. In addition, there are no factual allegations that Ibanez participated in Plaintiff's arrest or confinement. Finally, as noted above, the documents attached to Plaintiff's Amended Complaint contradict his allegations that Ibanez fabricated the search warrant affidavit. Thus, Plaintiff fails to adequately allege a constitutional violation for malicious prosecution, and this claim is dismissed.

### d.     Wyandotte County

Wyandotte County asserts that Plaintiff's municipal liability claims should be dismissed against it because Plaintiff fails to allege any injuries caused by a municipal custom or policy. Plaintiff's allegations against Wyandotte County are sparse and hard to follow. Plaintiff appears to allege that Wyandotte County employs all the individual Defendants in this case and that there was a conspiracy to establish a practice, custom, or policy to interfere with his rights. Yet, he does not identify a practice, custom, or policy.

The Supreme Court has made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[73] "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[74] Instead, "the government as an entity" may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[75] To plead municipal liability, a plaintiff must allege "1) the existence of a municipal policy or custom, and 2) that there is a direct causal link

---

[73] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[74] *Id.* at 691; *see also Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) ("A municipality may not be held liable under 42 U.S.C. § 1983 simply because it employs a person who violated a plaintiff's federally protected rights.").

[75] *Monell*, 436 U.S. at 694.

between the policy or custom and the injury alleged."[76]  In short, a plaintiff must adequately allege that "(1) a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."[77]

In this case, Plaintiff references "Monell liability" several times, but he includes no specific allegations regarding Wyandotte County.  He does not allege any facts as to any custom, practice, or policy.  Nor does he allege any facts linking any custom, practice, or policy to an injury.  Thus, Plaintiff fails to adequately allege sufficient facts to state a claim against Wyandotte County, and Plaintiff's *Monell* claims against Wyandotte County are dismissed.[78]

### e.   Conspiracy

"A conspiracy claim under § 1983 requires the allegation of 'specific facts showing an agreement and concerted action among the defendants.'"[79]  Plaintiff must also "allege facts showing an actual deprivation of a constitutional right."[80]  "This is because the essence of a § 1983 claim is the deprivation of the right rather than the conspiracy."[81]

---

[76] *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

[77] *Myers v. Okla. Cnty. Bd. of Cnty. Cmmr's*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell*, 436 U.S. at 694).

[78] The Court notes that an allegation of one unconstitutional incident does not plausibly suggest a practice, custom, or policy.  *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1290 (10th Cir. 2019) (noting that "one similar incident of excessive force prior to" the plaintiff's own excessive force injuries "fall[s] far short of plausibly alleging a 'widespread practice' of excessive force, much less a practice").  In addition, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers."  *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (citation omitted).

[79] *Maier v. Kansas*, No. 16-3219-SAC-DJW, 2017 WL 552629, at *3 (D. Kan. Feb. 10, 2017) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 544 (10th Cir. 1998)).  Liberally construed, Plaintiff references an "intracorporate conspiracy doctrine" for the purpose of imputing the actions of Judge Martinez, Judge Cahill, Brewer, and Oswald onto Wyandotte County to establish a pattern or practice claim.  But there simply are no allegations that a pattern, policy, or custom existed because Plaintiff only alleges one singular incident relating to him.  As noted above, one alleged incident falls far short of adequately alleging a pattern, policy, or custom.  *See Waller*, 932 F.3d at 1290.

[80] *Maier*, 2017 WL 552629, at *3 (citing *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995)).

[81] *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990).

Here, Plaintiff fails to adequately allege a deprivation of his constitutional rights.[82] Because of the failure to allege a deprivation of a constitutional right, he cannot adequately allege a conspiracy claim. Thus, this claim must be dismissed as well.

### 2. State Law Claims

Plaintiff does not explicitly assert any state law claims in his Amended Complaint. However, he often references intentional infliction of emotional distress. To the extent that Plaintiff asserts state law claims, the Court declines to exercise supplemental jurisdiction. "When all federal claims have been dismissed, the court may, and usually should, decide to exercise jurisdiction over any remaining state law claims."[83] Here, all federal claims have been dismissed, and thus the Court declines to assert supplemental jurisdiction over any purported state law claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Dupree, Brewer, and Oswald's Motion to Dismiss (Doc. 11) is **granted**; Defendant Anthony's Motion to Dismiss (Doc. 27) is **granted**; Defendant Russo's Motion to Dismiss (Doc. 29) is **granted;** Judges Martinez and Cahill's Motion to Dismiss (Doc. 33) is **granted**; and Defendants Ibanez and Wyandotte County's Motion to Dismiss (Doc. 41) is **granted**.

**IT IS SO ORDERED.**

Dated: March 6, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[82] The Court notes that the majority of Defendants alleged to be involved in the conspiracy are immune to suit. These include the judges, prosecutors, and Plaintiff's defense attorneys.

[83] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3)). *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

19